**WO**  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Gregory LaPointe, | No. CV 11-2108-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergeant Bienovidas, et al., | |
| Defendants. | |

On October 27, 2011, Plaintiff Anthony Gregory LaPointe, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 17, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 19, 2012, Plaintiff filed a Motion for Extension of Time to File the First Amended Complaint (Doc. 11). On April 12, 2012, Plaintiff filed his First Amended Complaint (Doc. 12). The Court will grant the Motion for Extension of Time and accept the First Amended Complaint as timely filed. The Court will also order Defendants Bienovidas, Moreno, and Reyes to answer Counts I, II, and IV of the First Amended Complaint and will dismiss the remaining claim and Defendant without prejudice.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

## II.     First Amended Complaint

In his four-count[1] First Amended Complaint, Plaintiff sues the following Defendants, who are employed at the Arizona Department of Corrections: Sergeant Bienovidas, Sergeant Moreno, and Correctional Officers Reyes and Deal.

In Count I, Plaintiff alleges that Defendant Bienovidas threatened his safety, in violation of the Eighth Amendment. Plaintiff states that on January 5, 2011, he was assaulted by other inmates. While he was waiting for an ambulance, Plaintiff alleges that Defendant Bienovidas said to him, "if you don't pay me $40.00 I will put you back onto the yard." Plaintiff claims that "as a result of th[e] statement by Sgt. Bienovidas, the Plaintiff 'again' was housed back onto the yard." Plaintiff alleges that on January 6 and 7, 2011, he was again assaulted and stabbed by the same inmates.

In Count II, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Moreno allowed the individuals who attacked Plaintiff onto the yard. Plaintiff states that Defendant Moreno was aware that these individuals had attacked Plaintiff in September 2010, but "allowed the same persons access to where the Plaintiff was housed, [this] creates the deliberate indifference to provide reasonable safety for the Plaintiff."

In Count III, Plaintiff claims that his Eighth Amendment rights were violated when "Defendant Deal confronted the Plaintiff about whether he was going to get even." Plaintiff claims that Defendant Deal was attempting to provoke Plaintiff into retaliating against the inmates who assaulted Plaintiff. Plaintiff argues, "because Deal knew of a possible threat, and, inferring if Plaintiff was going to do anything about the situation, exhibits deliberate indifference as to the safety of the Plaintiff." Plaintiff also claims that Defendant Deal informed Plaintiff of where the other inmates were housed.

In Count IV, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Reyes "idly stood by for five minutes while the attack occurred." Plaintiff alleges that Defendant Reyes said in a statement that Defendant Reyes did not intervene because he

---

[1] Plaintiff raises four claims for relief. However, the fourth claim is mislabeled as "Count V." The court will refer to the fourth claim as "Count IV."

- 3 -

1 thought the inmates were "horse-playing." Plaintiff argues that Defendant Reyes was
2 standing only about five feet away while Plaintiff was being stabbed and that Defendant
3 Reyes was deliberately indifferent to Plaintiff's safety.

4 Plaintiff seeks money damages and injunctive relief.

5 **III.    Failure to State a Claim-Count III**

6 An Eighth Amendment claim requires a sufficiently culpable state of mind by the
7 Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834
8 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due
9 care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference,
10 plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be,
11 objectively, "sufficiently serious"; the official's act or omission must result in the denial of
12 "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official
13 must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate
14 indifference to inmate health or safety. Id. In defining "deliberate indifference" in this
15 context, the Supreme Court has imposed a subjective test: "the official must both be aware
16 of facts from which the inference could be drawn that a substantial risk of serious harm
17 exists, and he must also draw the inference." Id. at 837 (emphasis added).

18 Plaintiff has not alleged facts in Count III that demonstrate Defendant Deal was
19 deliberately indifferent to Plaintiff's safety. Plaintiff alleges that Defendant Deal attempted
20 to provoke Plaintiff into retaliating against the other inmates. However, Plaintiff does not
21 allege that Defendant Deal placed Plaintiff in a dangerous situation or in some other way
22 ignored a threat to Plaintiff's safety. Defendant Deal's actions do not rise to the level of a
23 constitutional violation. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)
24 (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)) ("'Verbal harassment or abuse . . .
25 is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"). The Court
26 will dismiss Count III for failure to state a claim.

27 . . .

28 . . .

TERMPSREF

- 4 -

1 **IV.    Claims for Which an Answer Will be Required**

2      Liberally construed, Plaintiff has stated Eighth Amendment claims against Defendants
3 Bienovidas, Moreno, and Reyes.  The Court will require these Defendants to answer Counts
4 I, II, and IV of the First Amended Complaint.

5 **V.    Warnings**

6      **A.    Release**

7      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
8 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
9 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
10 in dismissal of this action.

11     **B.    Address Changes**

12     Plaintiff must file and serve a notice of a change of address in accordance with Rule
13 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
14 relief with a notice of change of address.  Failure to comply may result in dismissal of this
15 action.

16     **C.    Copies**

17     Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
18 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
19 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
20 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
21 may result in the filing being stricken without further notice to Plaintiff.

22     **D.    Possible Dismissal**

23     If Plaintiff fails to timely comply with every provision of this Order, including these
24 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
25 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
26 comply with any order of the Court).

27 . . .

28 . . .

**IT IS ORDERED:**

(1) Plaintiff's March 19, 2012 Motion for Extension of Time to File First Amended Complaint (Doc. 11) is **granted**; the Court will accept the First Amended Complaint as timely filed.

(2) Count III of the First Amended Complaint is **dismissed** without prejudice.

(3) Defendant Deal is **dismissed** without prejudice.

(4) Defendants Bienovidas, Moreno, and Reyes must answer Counts I, II, and IV.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms for Defendants Bienovidas, Moreno, and Reyes.

(6) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant**

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1 **within 30 days from the date the request for waiver was sent by the Marshal, the**
2 **Marshal must**:

3     (a)   personally serve copies of the Summons, First Amended Complaint, and
4 this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
5 Procedure; and

6     (b)   within 10 days after personal service is effected, file the return of service
7 for Defendant, along with evidence of the attempt to secure a waiver of service of the
8 summons and of the costs subsequently incurred in effecting service upon Defendant.
9 The costs of service must be enumerated on the return of service form (USM-285) and
10 must include the costs incurred by the Marshal for photocopying additional copies of
11 the Summons, First Amended Complaint, or this Order and for preparing new process
12 receipt and return forms (USM-285), if required.  Costs of service will be taxed
13 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
14 of Civil Procedure, unless otherwise ordered by the Court.

15     (10)   **A Defendant who agrees to waive service of the Summons and First**
16 **Amended Complaint must return the signed waiver forms to the United States Marshal,**
17 **not the Plaintiff.**

18     (11)   Defendants must answer the First Amended Complaint or otherwise respond
19 by appropriate motion within the time provided by the applicable provisions of Rule 12(a)
20 of the Federal Rules of Civil Procedure.

21     (12)   Any answer or response must state the specific Defendant by name on whose
22 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
23 does not 2dentify the specific Defendant by name on whose behalf it is filed.

24 . . .
25 . . .
26 . . .
27 . . .
28

**TERMPSREF**

1    (13)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3 under 28 U.S.C. § 636(b)(1).

DATED this 8th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge